WILLIAM McCRAW.
A TORNEY GENERAL

SCOTT GAINES,
FIRST ASSISTANT

BOB GROSS,
CHIEF LAW ENFORCEMENT
OFFICER

RUTH MYERS,
CHIEF CLERK

ASSISTANTS

JOE J. ALSUP
VICTOR W. BOULDIN
J. H. BROADHURST
WM. M. BROWN
H. GRADY CHANDLER
VERNON COE
WILLIAM C. DAVIS
L. B. DUKE
W. W. HEATH
CURTIS E. HILL
WM. MADDEN HILL

W. J. (DICK) HOLT
C. M. KENNEDY
LEONARD KING
LETCHER KING
GEORGE F. KIRKPATRICK
SAM LANE
ROBERT W. McKISSICK
WILLIAM McMILLAN
M. C. MARTIN
T. F. (TED) MORROW
LEON O. MOSES
PAT M. NEFF, JR.
HARRY S. POLLARD
W. B. POPE
RUSSELL RENTFRO
TOM D. ROWELL
ALFRED M. SCOTT
JOE SHARP
DICK STOUT
EARL STREET
MARVIN TREVATHAN
FRED C. VARNER, JR.
EFFIE WILSON-WALDRON
CHARLES B. WALKER



## OFFICE OF THE ATTORNEY GENERAL

### AUSTIN

January 23rd, 1939

Mr. Karl Cayton, County Attorney
Dawson County
Lamesa, Texas

Dear Mr. Cayton:

Opinion No. O-148
Re: Public Weighers

Your request for an opinion on the question:

"Does an elected Public Weigher have the right to all the business in the city or may a private weigher be employed by a concern to weigh and ship according to his own weight tickets?"

has been received by this office.

Article 5680, Civil Statutes, defines a public weigher as:

"Any person engaged in the business of public weighing for hire, or any person, who shall weigh or measure any commodity, produce or article, and issue therefor a weight certificate or weight sheet, which shall be accepted as the accurate weight upon which the purchase or sale of such commodity, produce or article is based, shall be known as a public weigher * * * * * * * *"

The cases, Flippen v. Murray, 66 S.W. (2d) 757; McCraw v. Sewell, 20 S.W. (2d) 235; Paschal v. Inman, 157 S.W. 1158, and Martin v. Foy, 234 S.W. 689, hold:

"That any citizen possessing the prescribed qualifications of, and becoming bond-

ed as, an elected public weigher, may pursue the business of weighing for the public, regardless of whether or not there is a duly elected, qualified, and acting public weigher in the precinct in which he proposes to carry on the business; and any citizen possessing the prescribed qualifications upon executing a proper and sufficient bond and securing its approval by the Commissioners' Court of the county in which he proposes to act as public weigher is entitled to be appointed public weigher by said court; and it is the duty of the commissioners' court to hear proof of his qualifications and of the sufficiency and solvency of this bond, and, upon proper showing made, to approve his bond and appoint him public weigher."

The statute relating to public weighers does not operate to give such officers a complete monopoly of the business of public weighing. It expressly provides that owners are exempt from the necessity of employing public weighers and are authorized to weigh their own products. Article 5704, Revised Civil Statutes.

You are respectfully advised that the company mentioned in your inquiry has a right to employ a private weigher provided he complies with the law as is mentioned in the foregoing statutes and cases.

Trusting that the foregoing answers your inquiry, I remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Andell William*

Assistant

AW:OMB

APPROVED

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS